## THE STATE ex rel. PETE CORELLA v. JOHN L. MILES.

### In Banc, May 13, 1924.

1. **BAIL:** **Constitutional Right.** Section 24 of Article II of the Constitution provides that any person charged with a felony, except in capital cases in certain circumstances, has a right to be released upon giving bail with sufficient sureties; and that is a right of which he cannot be denied.

2. ———: **Purpose: Excessive.** The purpose of a bail bond is to secure the appearance of defendant at his trial, and the constitutional provision (Sec. 25, art. 2) that excessive bail shall not be required means that the amount of the bond shall not be more than is necessary to secure his attendance, and any bail fixed at more than is necessary to secure his appearance is excessive.

3. ———: ———: **Denial of Liberty.** The bail bond must be fixed with the view of giving the prisoner his liberty, not for the purpose of keeping him in jail. To exact a bond so large that he cannot furnish it is to violate his constitutional right.

State ex rel. Corella v. Miles.

4. ———: ———: ———: Exhaustion of Defendant: Successive Rob-
    beries. Petitioner, charged with robbery, in two cases in August
    and on November 2nd in another case, gave bond in each in the
    sum of ten thousand dollars, conditioned upon his appearance at
    the November term; in September he was again arrested, and an
    order made in each of two cases fixing his bond at fifteen thousand
    dollars, which was reduced by this court to two thousand, which he
    gave, making bonds in the five cases in the aggregate sum of
    thirty-four thousand dollars which have been approved; after-
    wards he was again arrested, upon a charge of robbery, and his
    bond fixed at fifteen thousand dollars, in default of which he was,
    on the first day of the November term, committed to jail, and
    later his trial was set for January 14th. The first cases were set
    for trial on January 24th, and there is no showing why some of
    them have not been tried. He alleges that he has exhausted his
    capacity to give bonds. *Held*, that it is apparent that if any bonds
    will secure his attendance the bonds already given will do so, and
    the trial court is directed to fix his bond in the last case at five
    thousand dollars.


Headnotes 1 to 4:   Bail: 1, 6 C. J. sec. 168;   2, 6 C. J. secs. 178, 222;
3 and 4, 6 C. J. sec. 222.


## Habeas Corpus.

WRIT AWARDED (*upon condition*).

*W. T. Alford* for relator.

*Clarence A. Burney* for respondent.

WHITE, J.—Relator alleges that he is unlawfully
restrained of his liberty by respondent, John L. Miles,
Marshal of Jackson County. To the writ issued upon his
petition Miles made his return setting forth that he held
Corella under writ of commitment issued by the Circuit
Court of Jackson County, in default of bond in the sum
of $15,000 to secure his appearance in that court on a
charge of robbery in the first degree. The order of com-
mitment was made the first day of the November term,
1923, and later the trial was set for January 14, 1924.

The petition for the writ states the facts in relation to the charge of robbery, fixing the bond at $15,000, and alleges that other charges of robbery were then pending against relator, on which charges he had furnished bail in the aggregate sum of $65,000, and that in view of the heavy bail, this court in two cases prior to the filing of this petition had reduced the bail of this petitioner to the sum of $2000 on account of the bond already given by him for his appearance. The allegations of this petition were not denied in the return of the marshal. On the hearing of the case the petitioner presented certified copies of the record fixing his bond in several cases pending against him in the Circuit Court of Jackson County.

In Case C-299, August 29, 1923, the bond of the petitioner in the sum of $10,000 was approved, conditioned that he should appear in court November 19, 1923. The charge was robbery in the first degree.

In Case C-296, August 29, 1923, bond of the petitioner approved in the sum of $10,000, conditioned on his appearance November 19, 1923. Charge, robbery in the first degree.

In Case C-1276, November 2, 1923, the bond of petitioner in the sum of $10,000 approved, conditioned that he appear November 19, 1923. Charge, robbery in the first degree.

Two orders of the Circuit Court of Jackson County, entered September 28, 1923, show that in cases numbered C-1163 and C-1164, the bond of Pete Corella, fixed by the Circuit Court at $15,000, was reduced to $2000, in obedience to the mandate of this court.

The records of this court show that in the two cases, C-1163 and C-1164, the bond was reduced from $15,000 to $2000, because the defendant already was under heavy bonds to appear in answer to the charge of robbery. In Case No. C-1276, the bond was fixed by the Circuit Court of Jackson County at $10,000, and given by the defendant *after* this court had already reduced two other bonds, as was the order fixing the bond in the present case.

If the writer of this opinion correctly recalls the evidence presented when the bonds were reduced by this court in the two cases mentioned, it was shown that the defendant was charged with robbery of several persons at the same time, and a separate and distinct charge filed for the alleged robbery of each person. The bond approved in Case C-1276, November 2nd, for $10,000, must have been for some offense alleged to have been committed after the said reduction. The present case is C-1574, and the $15,000 bond must have been fixed on account of some charge of robbery alleged to have been committed by the defendant after the bonds in previous cases had been reduced by this court. So, as shown by the orders of this court, it appears that the prisoner is now under bond in the sum of $34,000, fixed before the bond in the present case was fixed at $15,000.

I.  Section 24, Article II, of the Constitution of Missouri, provides that any person charged **Bail: Purpose: Constitutional Right.** with a felony, except in capital offense in certain cases, has a right to be released upon giving bail with sufficient sureties. It is a right of which a defendant cannot be deprived. [6 C. J. p. 953.]

Section 25, Article II, of the Constitution of Missouri, provides that excessive bail shall not be required. The purpose of giving bonds is to secure the appearance of the defendant at trial, and when the Constitution forbids excessive bail it means that bail shall not be more than necessary to secure that attendance. [6 C. J. p. 989.] When this court reduced the bail of this defendant in two former cases it was because it was thought the defendant was already under sufficient bond to secure his attendance in court, being then under bond to appear in at least two cases in the sum of $10,000 each.

Since the only purpose of bond is to secure the appearance of the defendant at the trial, any bail fixed at more than is necessary to secure that appearance *is ex-*

652        SUPREME COURT OF MISSOURI,

*cessive* within the meaning of Section 25, Article II, of the Constitution.

II: The bail bond must be fixed with a view to giving the prisoner his liberty, not for the purpose of keeping him in jail. If, in order to keep him in custody, the **Denial of Liberty.** bond is ordered at a sum so large that the prisoner cannot furnish it the order violates Section 24, Article II, of the Constitution. For that is saying the offense is not bailable when the Constitution says it is.

In this case the prisoner in effect alleges that he has exhausted his capacity to give bonds, and that it is impossible for him to give additional bond in the sum of $15,000, as fixed by the trial court. We have no doubt that if any bond will, the bail already given by defendant will secure his appearance in court when he is wanted.

It will be noted that the first bonds were given in August, 1923, eight months ago, and an order of court appears showing the first cases were set for trial January 24, 1924. *There is nothing presented in the record here to show why some of these cases have not been tried.*

In consideration of all these matters this court decided that the bond of the petitioner be fixed at the sum of $5000 in Case C-1574, conditioned on his appearance in Criminal Division A of the Circuit Court of Jackson County, such bond to be approved by the judge of that division. This opinion is written in pursuance of that order. All concur.