**Ex parte Marvin CHANDLER.**

**No. 7616.**

Springfield Court of Appeals. Missouri.

Jan. 24, 1957.

Earl E. Roberts, Steelville, for petitioner.

G. C. Beckham, Steelville, Prosecuting Attorney.

RUARK, Judge.

Petitioner has been bound over for trial in circuit court on the charge of rape and committed to jail in default of bond in the sum of $15,000. He charges excessive bail in violation of Art. I, sec. 21, Constitution of Missouri 1945, V.A.M.S. The case is submitted on a stipulation which agrees on the nature of the charge, the fact that petitioner was bound over for trial, the amount of bond and commitment in default of bond. It is further agreed that petitioner is an able-bodied single person, nineteen years of age, and that he is without property or money. Also agreed is that transcript of the testimony at the preliminary hearing may be considered.

An examination of this transcript discloses that the prosecuting witness, single, age twenty, testified that she waited for her escort outside a roadhouse until joined by him with a party of friends which included the accused. There was drinking by the male members in the crowd. Her escort became intoxicated and "passed out." He was taken to a house, late at night, and put to bed. While he was in this condition the accused dragged the prosecuting witness into another room and forcibly raped her. She testified to outcry and immediate complaint. Two other witnesses testified as to complaint that same night. Defendant offered no testimony at the preliminary hearing.

The purpose of bail is not to punish the defendant ahead of trial, but to

secure his appearance at the trial. State ex rel. Corella v. Miles, 303 Mo. 648, 262 S.W. 364; Ex parte Verden (in banc), 291 Mo. 552, 237 S.W. 734. In determining the amount of bail it is necessary to consider the nature of the charge and the surrounding circumstances, for an accused might more easily succumb to the temptation to flee from some charges and under some circumstances than others. Ex parte Welsh, 236 Mo.App. 1129, 162 S.W.2d 358; 6 Am. Jur., Bail and Recognizance, sec. 33, p. 75. Also to be considered is the ability of the accused to give the bail. Ex parte Verden, 237 S.W. 734, supra; 8 C.J.S., Bail, § 50, p. 101.

In this case petitioner is charged with an offense for which he could, if found guilty, suffer death or imprisonment not less than two years. Section 559.260 RSMo 1949, V.A.M.S. The stipulation of facts gives his age and marital status, but it tells us nothing in respect to whether or not he is settled in his affairs, whether he is of good reputation, whether he is or has been charged with similar offenses. In short, we know nothing about him. As to his ability to give bond in any certain amount, we are informed that he has no means of his own, but we have no knowledge of the financial abilities of his family, or possibly his friends. The amount of bail required is, within rather broad limits, at the discretion of the court charged with the duty of fixing it. Problems relating to the giving of bail are more easily solved by the circuit courts, who by experience and the better opportunity to take evidence and ascertain relevant facts are better able to deal with such matters than the appellate courts. Forest v. U. S., 8 Cir., 203 F.2d 83.

From the scant record before us and what few comparisons we have been able to make, we are of the opinion that the bail is somewhat excessive, but not in the amount contended by the petitioner. The petitioner is therefore remanded to the custody of the sheriff, but to be discharged conditionally and subject to his required appearance in accordance with recognizance, if any, upon his giving bond in the sum of $10,000; such bond to be given and approved as provided by law in such instances.

McDOWELL, P. J., and STONE, J., concur.