STATE of Missouri, Respondent,

v.

Curtis Keith THOMPKINS, Appellant.

No. KCD 27004.

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

F. A. White, Jr., Asst. Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Curtis Keith Thompkins, appellant, was charged by indictment with selling a quantity of marijuana, a felony, and convicted by a Clay County jury, which set his punishment at eight years in the custody of the Missouri Department of Corrections. This is a direct and timely appeal from that judgment and sentence.

Appellant has assigned four (4) points of error on appeal. The first two challenge his pre-trial detention, charging that the trial court's refusal (1) to release him upon his own recognizance and (2) to order reduction of the $25,000.00 bond constituted reversible error.

■ Bail has only one legal purpose, and that is to insure the defendant's presence at trial. Ex parte Chandler, 297 S.W.2d 616 (Mo.App.1957); Koen v. Long, 302 F.Supp. 1383 (E.D.Mo.1969). While it is true that the Eighth Amendment protects a criminal accused from imposition of excessive bail, no court has yet held that the Eighth, or any other amendment, constitutes a constitutional basis for a person to be released without bail or on his own recognizance. Koen v. Long, supra; Mastrian v. Hedman, 326 F.2d 708 (8th Cir. 1964), cert. den. 376 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982 (1964). Appellant has not favored this court with any citation of authority, nor has this court's own research disclosed any, construing Article I, Section 21, of the Missouri Constitution, V.A.M.S., the state counterpart to the Eighth Amendment of the Constitution of the United States, as affording a person a constitutional right to be released without bail or on his own recognizance. Here the appellant was charged with a serious felony, was unemployed, and had no familial ties in the Clay County area. Under these circumstances, the trial court was justified in refusing to release appellant upon his own recognizance and such constituted a proper exercise of discretion afforded by Section 544.455, RSMo Supp. 1973. Appellant's first point is ruled against him.

■ Regarding appellant's second point, the proper procedure for challenging the excessiveness of bail should be noted. In Missouri, the correct procedure is provided by Rule 32.08, V.A.M.R., and subsequently by habeas corpus if that should prove unsuccessful. Dabbs v. State, 489 S.W.2d 745 (Mo.App.1972). In the federal system a substantially analogous procedure exists —a motion for reduction, and a timely appeal from an order denying such motion. Fed.Rules Crim.Proc. Rule 46(a); 18 U.S.C.A. § 3146 and § 3147; and Stack v. Boyle, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951). In the widely cited case of Hemphill v. United States, 392 F.2d 45 (8th Cir. 1968), cert. den. 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968), it was held that a contention, after conviction, that a person was prejudiced from denial of his motion for reduction of bail was untimely, even where, as here, the person contended he had been prevented from properly preparing his defense because of said denial.

■ Appellant proffered no justification for his failure to seek relief by way of habeas corpus from the trial court's refusal to reduce the allegedly excessive bail. Nor did appellant offer any proof that his counsel attempted to identify and locate potential witnesses on his behalf, but was thwarted or encountered a wall of silence

in doing so. In view of these negative aspects permeating appellant's second point, the substantial similarity between the procedure in this state and that in the federal system afforded for questioning the excessiveness of bail other than by direct appeal on the merits of the case, and, concomitantly, the persuasive authority of Hemphill v. United States, supra, this court rules that appellant's second point is untimely and, consequently, affords him no basis for relief on direct appeal.

■ Appellant charges by his third point that the trial court erred in refusing to require the state to divulge the identity of a police informant who was present at the time of the proscribed sale, but who was never called by the state as a witness. Determination of this issue is tested by "fundamental requirements of fairness". Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. Edwards, 317 S.W.2d 441 (Mo.banc 1958); and State v. Yates, 442 S.W.2d 21 (Mo. 1969). *Roviaro* pragmatically recognized application of the test of "fundamental requirements of fairness" to be somewhat elusive at best, and, accordingly, noted (353 U.S. l.c. 62, 77 S.Ct. l.c. 628):

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

In other words, "fundamental requirements of fairness" cannot be stereotyped as a rule of thumb or doctrinarily applied.

In this case, although the unidentified informant introduced the police officer (who was the state's principal witness) to the appellant and was present at the time of the sale of the controlled substance to the officer, there was no evidence that the informant sought to ingratiate himself with appellant so as to lull him into a false sense of confidence or security. Nor is there any contention of entrapment. From a practical standpoint, appellant is in no position to contend persuasively on appeal that identity of the informant was crucial in order to have available a witness who might possibly raise a cloud of doubt as to appellant's identity as the person making the proscribed sale because the record discloses that a person named John Edwards was present when the sale took place and appellant made no effort to call John Edwards as a witness. Although appellant contended he did not know the whereabouts of John Edwards at the time of trial, he at no time indicated at the trial level, or here, that any attempt, successful or otherwise, was ever made to locate John Edwards. Moreover, defense counsel's objection at trial, and as preserved in appellant's motion for a new trial, reveal that appellant predicated his right to have the informant stripped of his anonymity solely on the ground that he was entitled to the names of all persons present at a conversation testified to by the police officer as ensuing between him and appellant at the time the sale occurred. The matter of disclosing the informant's identity as a means of casting doubt on the police officer's positive identification of appellant as the person making the unlawful sale was first tendered on appeal.

■ In view of the "particular circumstances" of this case in the respects heretofore pointed out, this court is unwilling to say that the trial court, tested by "fundamental requirements of fairness", committed error in not compelling the state to reveal the informant's identity, particularly so since ·appellant at no time informed the trial court that doing so would, or might possibly, refute the police officer's identity of appellant as the person making the illegal sale, as now contended

for the first time on appeal. Bear in mind, appellant made no effort to call John Edwards as a witness (and the record discloses that no effort, successful or otherwise, was ever made to locate John Edwards), although it appears that Edwards was in a comparable position with the unidentified informant to refute the police officer's identity of appellant if the police officer mistakenly identified appellant as the person making the illegal sale. Consequently, appellant's present contention on appeal decidedly lacks a convincing ring. This court has no inclination to brand a trial court guilty of error in refusing to strip an informant of his anonymity when the facts and the arguments bearing on the proposition are not made and argued to it at the times it is called upon to rule on the claimed error, and, more particularly, where, as here, the basis allegedly supporting the charge belatedly emerges for the first time as an afterthought on appeal. In this connection see State v. Hubble, 494 S. W.2d 358 (Mo.App.1973). Accordingly, appellant's third point is ruled against him.

 Appellant charges by his fourth and final point that the trial court erred in overruling his motion for judgment of acquittal at the close of the state's evidence. To accept this argument, this court would have to conclude, as a matter of law, that the evidence was not sufficient to sustain the judgment of conviction. Rule 26.10; State v. Colthorp, 437 S.W.2d 75 (Mo. 1969). In ruling this point, the facts in evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary are to be disregarded. *Colthorp*, supra, l.c. 76, citing State v. Watson, 350 S.W.2d 763, 766 (Mo.1961); and State v. Wishom, 416 S.W.2d 921 (Mo. 1967). See also: State v. Woodard, 499 S.W.2d 553, 556 (Mo.App.1973); and State v. Banister, 512 S.W.2d 843 (Mo.App. 1974).

In this case there was an absolute and unqualified identification of appellant as the person making the sale by an experienced police officer, who had had multiple contacts with the appellant, one of which lasted an hour and a half. Further, the state produced evidence that the substance sold by the person identified by the officer as the appellant was, in fact, marijuana. An examination of the record, as required by Rule 28.02, reveals that the state did indeed present a submissible case for the jury's determination. Accordingly, appellant's fourth point is ruled against him.

There being no error in the record, the judgment of the circuit court must be and is affirmed.

All concur.