

# SUPREME COURT OF MISSOURI
## en banc

FAUSTINO LOPEZ-MATIAS,　　　　　)　　*Opinion issued December 8, 2016*
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendant,　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　No. SC95946
　　　　　　　　　　　　　　　　　)
STATE OF MISSOURI,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Plaintiff.　　)


APPLICATION FOR RELIEF UNDER RULE 33.09
The Honorable Aaron Koeppen, Judge


On September 6, 2016, Faustino Lopez-Matias was arrested and charged with the class C felony of possessing (and attempting to use as genuine) a forged social security card in violation of section 570.090.1(4), RSMo Supp. 2013.[1] As provided in his arrest warrant, Lopez-Matias is being held without bail.

On September 9, counsel for Lopez-Matias filed a motion asking the trial court to release Lopez-Matias on his own recognizance or, in the alternative, to set reasonable conditions for his release under section 544.455, RSMo Supp. 2013, and Rule 33.01. The

---

[1]　An amended complaint was filed later adding misdemeanor charges of speeding and driving without a license.

trial court overruled the motion on September 13. Lopez-Matias represents, and the state does not deny, that the sole basis for the trial court's overruling of this motion was section 544.470.2, which provides:

> There shall be a presumption that releasing the person under any conditions as provided by section 544.455 shall not reasonably assure the appearance of the person as required if the circuit judge or associate circuit judge reasonably believes that the person is an alien unlawfully present in the United States. If such presumption exists, the person shall be committed to the jail, as provided in subsection 1 of this section, until such person provides verification of his or her lawful presence in the United States to rebut such presumption. If the person adequately proves his or her lawful presence, the circuit judge or associate circuit judge shall review the issue of release, as provided under section 544.455, without regard to previous issues concerning whether the person is lawfully present in the United States. ***If the person cannot prove his or her lawful presence, the person shall continue to be committed to the jail and remain until discharged by due course of law***.

§ 544.470.2 (emphasis added).

Pursuant to Rule 33.09, Lopez-Matias seeks review. He does not claim that he provided sufficient proof of his "lawful presence in the United States" and, therefore, that the trial court erred by failing to set reasonable conditions for release under section 544.455. In fact, Lopez-Matias concedes that the trial court refused to consider his motion because that is what section 544.470.2 required it to do. Instead, Lopez-Matias claims that section 544.470.2 violates article I, section 20, of the Missouri Constitution because the last sentence of this statute plainly and unambiguously prohibits the trial court from considering conditions for his release under section 544.455 unless and until Lopez-Matias proves his "lawful presence in the United States."

2

Like all statutes, section 544.070.2 is presumed constitutional. *State v. Vaughn,* 366 S.W.3d 513, 517 (Mo. banc 2012). This Court will not declare a statute unconstitutional unless it clearly and unambiguously contravenes a constitutional provision. *State v. Pribble,* 285 S.W.3d 310, 313 (Mo. banc 2009). That high and exacting standard is met in this case.

Article I, section 20, of the Missouri Constitution provides that "all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great." This Court noted long ago that the right encompassed in article I, section 20, "has been a part of the Bill of Rights as declared in each organic law of this state from the adoption of the Constitution of 1820." *Ex parte Burgess*, 274 S.W. 423, 426 (Mo. banc 1925). It "may be said generally … that one accused of crime is entitled to bail as an absolute right, subject to the limitation that it should be denied in capital cases where the proof is evident or the presumption great." *Id.* This right to "bail" is the right of an accused (in all but capital cases) to be released prior to trial. *State v. Jackson*, 384 S.W.3d 208, 211-12 (Mo. banc 2012).

This right, however, is subject to reasonable conditions. Those conditions may pertain to the defendant's conduct, e.g., restrictions on travel, an injunction against contacting the victim or witnesses, and/or requirements that the defendant report periodically or otherwise submit to supervision. *See* § 544.455. To assist the trial court in determining just and reasonable conditions for release in non-capital cases, section 544.455 provides that the trial court may release a defendant on a written promise to appear (i.e., a "recognizance") unless the court "determines, in the exercise of [its]

3

discretion, that such a release will not reasonably assure the appearance of the person as required." § 544.455.1. *See also* Rule 33.01(a) ("Any person charged with a bailable offense shall be entitled to be released pending trial.") and Rule 33.01(b) ("The court shall set such conditions for release as will reasonably assure the appearance of the accused.").

When a recognizance, alone, is insufficient to guaranty the defendant's return, section 544.455 sets forth additional conditions that may be imposed, including the requirement of a cash deposit or a bond or some combination of the two. § 544.455.1(1) – (7). *See* Rule 33.01(d) ("The court shall in all cases release the accused upon his written promise to appear, unless the court determines that such release will not reasonably assure the appearance of the accused. If the court so determines it shall impose one or more of the following conditions for his release which will reasonably assure such appearance ...."). The trial court may require a defendant to deposit this sum entirely in cash, to deposit part of this sum in cash and sign a note or "bond" (secured or otherwise) for the remainder, or the trial court may permit a third party to deposit a part of this sum in cash and provide the third-party's note or "bond" for the remainder as the third-party's guaranty that the defendant will appear as commanded. *Jackson*, 384 S.W.3d at 212.

The constitution, however, does not state a preference for any particular conditions or for any particular term governing a cash deposit. *Id.* at 214. Instead, article I, section 20, gives trial courts broad discretion to fashion conditions for release that – in the circumstances of each particular case – adequately balance the constitutional imperative

4

to afford the accused an opportunity for pretrial release with the constitutional imperative to insist upon "sufficient sureties" that the defendant will appear at trial and when otherwise commanded. *Id*. at 215 ("Consistent with this purpose, Missouri law and this Court's rules provide that the purpose of bail is to reasonably assure the appearance of the accused") (quotation marks omitted) (citing § 544.455 and Rule 33.01).

The hallmark of the constitutional requirement of "sufficient sureties," and the necessary predicate to the process described in section 544.455 and Rule 33.01, is that the setting of conditions for release must reflect the particular circumstances of each case.

> In determining which conditions of release will reasonably assure appearance, the associate circuit judge or judge shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings.

§ 544.455 .2. *See* Rule 33.01(e) (same).

On its face, section 544.070.2 violates the right established in article I, section 20, guaranteeing bail on "sufficient sureties" for any defendant not charged with a capital offense. It purports to deny this right to an entire class of defendants comprised of those defendants who are not able to establish their "lawful presence in the United States." By its clear terms, article I, section 20, applies to "all persons." This does not permit the General Assembly to except subsets of "persons" from its compass, such as by prohibiting a trial court from setting conditions for release to all defendants who cannot prove their lawful presence in this country, or by prohibiting pretrial release to any other

5

class of defendants except those accused of a capital offense. Accordingly, section 544.070.2 is unconstitutional because it plainly and unambiguously contravenes the right guaranteed by article I, section 20, of the Missouri Constitution.

The state does not attempt to justify section 544.070.2 under article I, section 20, and concedes that the two are irreconcilable. Instead, the state contends that section 544.070.2 is constitutional under article I, section 32. This provision of the constitution, added in 1992, states:

> Notwithstanding section 20 of article I of this Constitution, upon a showing that the defendant poses a danger to a crime victim, the community, or any other person, the court may deny bail or may impose special conditions which the defendant and surety must guarantee.

Mo. Const. art. I, § 32.2.

Under article I, section 20, "'the only purpose of bond is to secure the appearance of the defendant at the trial.'" *Jackson*, 384 S.W.3d at 215 (quoting *State ex rel. Corella v. Miles,* 262 S.W. 364, 365 (Mo. banc 1924)). Under article I, section 32, however, section 544.455 and Rule 33.01 allows the trial court to "impose conditions on bail to protect others as well as to secure defendant's return or even deny bail if the State shows that the defendant poses a danger to the victim or public." *Jackson*, 384 S.W.3d at 215–16.

The state is not wrong to suggest that article I, section 32, authorizes a trial court to deny bail in a proper case. For example, the fact that a particular defendant is not "lawfully present" in this country may (or may not) suggest that the defendant poses a particular danger to the victim or public, just as it may (or may not) suggest that he or she

6

poses a higher-than-usual flight risk if conviction of the charged offense would result in the defendant's deportation.

But the state's argument fails because these determinations must be made on a case-by-case basis and in light of all of the other circumstances of the case. Nothing in article I, section 32, authorizes the General Assembly to deny to an entire class of defendants that which article I, section 20, promises to "all persons" except those charged with a capital offense. Instead, as sections 544.457 and 544.676, RSMo 2000, make clear, a trial court should consider the extent to which a particular defendant poses a danger to the victim or public in determining what – or even whether – conditions for release are appropriate *in each particular case*. Section 544.457 provides:

> Notwithstanding the provisions of Section 20 of Article I of the Missouri Constitution to the contrary, upon a showing that the defendant poses a danger to a crime victim, the community, or any other person, the court may use such information in determining the appropriate amount of bail, to increase the amount of bail, to deny bail entirely or impose any special conditions which the defendant and surety shall guarantee.

§ 544.457. *See also* § 544.676.1 ("Upon a showing by the state that a defendant poses a danger to a crime victim, witness, or the community, the court may deny bail to a defendant or impose such conditions as it deems appropriate to protect a crime victim, witness or the community.").

Accordingly, the wholesale denial of pretrial release for an entire class of defendants under section 544.470.2 violates the right to reasonable and individualized bail set forth in article I, section 20. Such a denial cannot be justified by the authority in article I, section 32, for a trial court to deny bail in a particular case where the defendant

7

poses a risk of harm to a victim, witness, or the public that cannot be addressed adequately by the special conditions for release.

Ordinarily, under Rule 33.09(b), when a defendant's application for review claims that the trial court failed to set conditions for the defendant's release or that the conditions imposed are excessive, the higher court "shall make an order setting or modifying conditions for the release of the accused" if it "finds that the accused is entitled to be released and no conditions therefor have been set." Here, however, the trial court made it clear that it believed section 544.470.2 prohibited it from conducting the normal, case-specific inquiry into the conditions for Lopez-Matias's pretrial release required by article I, sections 20 and 32, using the procedure described in chapter 544 and Rule 33. As a result, this Court does not occupy the ordinary reviewing role of a "higher court" envisioned in Rule 33.09.

Therefore, because section 544.470.2 impermissibly denied Lopez-Matias the individual consideration to which "all persons" (except those charged with a capital offense) are entitled under article I, sections 20 and 32, this Court holds that the better course in the circumstances of this application is to order that the trial court consider reasonable conditions for Lopez-Matias's release using the individualized procedure set forth in chapter 544 and Rule 33. If Lopez-Matias is not lawfully present in this country, the trial court may consider that circumstance – among all the others – in setting those conditions. Or, if the particular facts and circumstances in this case demonstrate that Lopez-Matias poses a risk of harm to the public, the trial court may deny him bail altogether under article I, section 32, and sections 544.457 and 544.676. This Court

8

expresses no opinion as to what – or even whether – conditions for release are appropriate.

_____
Paul C. Wilson, Judge

Breckenridge, C.J., Fischer, Stith,
Draper and Russell, JJ., concur.