STATE of Missouri, Respondent,

v.

Mark SHANKLIN, Appellant.

No. SC 96008

Supreme Court of Missouri,
en banc.

Opinion issued December 5, 2017

Shanklin was represented by Anthony Muhlenkamp of Muhlenkamp & Bernsen LLC in Clayton, (314) 499-7255.

The state was represented by Evan J. Buchheim of the attorney general's office in Jefferson City, (573) 751-3321.

Zel Fischer, Chief Justice

Mark Shanklin appeals from a judgment convicting him of producing more than five grams of marijuana, possession of more than five grams of marijuana with intent to distribute, and possession of drug paraphernalia. Shanklin argues the statutes prohibiting marijuana cultivation and possession are unconstitutional as applied to him because article I, section 35 of the Missouri Constitution protects "the right of farmers and ranchers to engage in farming and ranching practices." Article I, section 35 protects the right to engage in lawful farming and ranching practices. It does not create a new constitutional right to engage in the illegal drug trade. The circuit court's judgment is affirmed.[1]

## Factual and Procedural History

St. Louis City police detectives went to Shanklin's residence after a "utility inquiry" showed excessive electricity use consistent with marijuana cultivation. Shanklin answered the door and consented to a search. Police discovered more than 300 live marijuana plants. Police also discovered several hundred grams of packaged marijuana, a mesh dryer, and a digital scale commonly used to prepare and package marijuana for distribution. Shanklin told police he was growing marijuana to help pay off his stepchildren's debts and for his own use.

The State charged Shanklin with producing a controlled substance in violation of § 195.211 [2] (Count I), possession of a controlled substance with intent to distribute in violation of § 195.211 (Count II), and possession of drug paraphernalia in violation of § 195.233 (Count III).[3] Shanklin filed a motion to dismiss Counts I and II arguing §§ 195.211 and 195.017 [4] are unconstitutional, both facially and as applied, because the statutes violate the constitutional right to farm guaranteed by article I, section 35.

The circuit court overruled Shanklin's motion to dismiss. The circuit court found beyond a reasonable doubt Shanklin was guilty of the charged offenses and sentenced him to concurrent terms of five years' imprisonment on Counts I and II and one year on Count III with the possibility of probation after 120 days pursuant to § 559.115. Shanklin appeals.

## Standard of Review

"Challenges to the constitutional validity of a state statute are subject to de novo review." *Hill v. Boyer*, 480 S.W.3d 311, 313 (Mo. banc 2016). A statute is

---

1. This Court has exclusive appellate jurisdiction over cases involving the validity of a statute. Mo. Const. art. V, sec. 3.

2. Statutory citations are to RSMo Supp. 2013, unless otherwise noted.

3. Effective January 1, 2017, § 195.211 was transferred to § 579.055 and § 195.233 was transferred to § 579.074.

4. Section 195.017.2(4)(w) and (ee), respectively, classified marijuana and "[t]etrahydrocannabinols naturally contained in a plant of the genus Cannabis (cannabis plant)" as Schedule I controlled substances.

presumed constitutional and will be found unconstitutional only if "it clearly and unambiguously contravenes a constitutional provision." *Lopez-Matias v. State*, 504 S.W.3d 716, 718 (Mo. banc 2016). "The person challenging the validity of the statute has the burden of proving the act clearly and undoubtedly violates the constitutional limitations." *State v. Vaughn*, 366 S.W.3d 513, 517 (Mo. banc 2012).

## Article I, Section 35

In 2013, the General Assembly passed a joint resolution referring a constitutional amendment to voters to add section 35 to article I of the Missouri Constitution. *Shoemyer v. Mo. Sec'y of State*, 464 S.W.3d 171, 173 (Mo. banc 2015). In 2014, Missouri voters approved article I, section 35, which provides:

> That agriculture which provides food, energy, health benefits, and security is the foundation and stabilizing force of Missouri's economy. To protect this vital sector of Missouri's economy, the right of farmers and ranchers to engage in farming and ranching practices shall be forever guaranteed in this state, subject to duly authorized powers, if any, conferred by article VI of the Constitution of Missouri.

Shanklin argues that, as a result of this amendment, his marijuana cultivation and harvest was constitutionally protected. Shanklin claims §§ 195.211 and 195.017 are unconstitutional as applied to what he contends is a "farming practice" protected by article I, section 35.

█ When construing a constitutional amendment, the "fundamental purpose of constitutional construction is to give effect to the intent of the voters who adopted the Amendment." *Sch. Dist. of Kan. City v. State*, 317 S.W.3d 599, 605 (Mo. banc 2010) (internal quotation marks omitted). "This Court's primary goal in interpreting Mis-

souri's constitution is to ascribe to the words of a constitutional provision the meaning that the people understood them to have when the provision was adopted." *State v. Honeycutt*, 421 S.W.3d 410, 414-15 (Mo. banc 2013) (internal quotation marks omitted). "Words used in constitutional provisions are interpreted to give effect to their plain, ordinary, and natural meaning." *Wright-Jones v. Nasheed*, 368 S.W.3d 157, 159 (Mo. banc 2012).

## Article I, Section 35 Does Not Protect Marijuana Cultivation

█ Article I, section 35 consists of a prefatory sentence and an operative sentence. The prefatory sentence recognizes "agriculture which provides food, energy, health benefits and security is the foundation and stabilizing force of Missouri's economy." The prefatory sentence does not provide a constitutional right to engage in unregulated "agriculture." It simply provides a purpose and context for the amendment.

█ The operative clause of article I, section 35 provides "the right of farmers and ranchers to engage in farming and ranching practices shall forever be guaranteed" in order "[t]o protect this vital sector of Missouri's economy," subject to local government regulation as authorized by article VI of the Missouri Constitution. When a constitutional provision includes prefatory and operative language, "[l]ogic demands that there be a link between the stated purpose and the command." *District of Columbia v. Heller*, 554 U.S. 570, 577, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). The scope of constitutionally protected farming and ranching practices is, therefore, informed by the prefatory clause of article I, section 35, as including those practices that are part of the agricultural sector of Missouri's economy. The amend-

ment includes no language suggesting Missouri voters intended to nullify or curtail longstanding laws regulating or prohibiting possession, cultivation, and harvest of controlled substances. *See United States v. White Plume*, 447 F.3d 1067, 1074 (8th Cir. 2006). Further, because the amendment expressly recognizes farming and ranching practices are subject to local government regulation, it would be absurd to conclude Missouri voters intended to implicitly nullify or curtail state and federal regulatory authority over the illegal drug trade. The plain, ordinary, and natural meaning of article I, section 35 demonstrates no purpose to *sub silentio* repeal laws criminalizing the cultivation or possession of controlled substances.

When the General Assembly passed a joint resolution proposing article I, section 35, and Missouri voters adopted it, marijuana cultivation, possession, and distribution had been illegal in Missouri for decades. It necessarily follows that Shanklin's marijuana cultivation operation was not a farming practice to be protected by article I, section 35. Therefore, Shanklin failed to meet his burden of proving §§ 195.211 and 195.017 were clearly and undoubtedly unconstitutional on their face or as applied to him.

### Conclusion

The circuit court's judgment is affirmed.

All concur.