233 P.2d 446

**GUSICK v. BOIES, Sheriff of Maricopa County.**

**No. 5543.**

Supreme Court of Arizona.

June 26, 1951.

George T. Wilson, of Phoenix, for petitioner.

Warren L. McCarthy, County Atty., and John J. Flynn, Deputy County Atty., Phoenix, for respondent.

PER CURIAM.

This is an original proceeding in habeas corpus instituted by Charles A. Gusick, petitioner, for the purpose of procuring a reduction in the amount of bail fixed by the committing magistrate of East Phoenix precinct on holding petitioner to answer in two criminal causes now pending before the superior court of Maricopa county, which refused to reduce the amount of bail upon petitioner's application.

■ Respondent L. C. Boies, sheriff of Maricopa county, attached to his response a motion to dismiss the writ because of the failure of petitioner to present to this court the complete record of the proceedings had before the superior court and the committing magistrate. In our opinion this motion is without merit and is hereby denied for the reason that it was admitted on argument that no evidence bearing on the bail question was taken in either of the lower tribunals. Before this court is the entire record, including the superior court's order denying petitioner's application for reduction of bail, hence we have before us everything necessary to determine whether the trial court abused its discretion.

Petitioner alleges that the committing magistrate of the East Phoenix precinct, after a preliminary hearing had been waived, held him to answer to the superior court for the crimes of sodomy and fellatio. Bail was fixed in each case in the sum of $75,000. Thereafter two separate informations were filed in the superior court charging petitioner with said offenses, and upon arraignment—where a plea of not guilty was entered—petitioner's application for reduction of bail was denied by the court.

Petitioner further alleges that he is now confined in the county jail and, due to his inability to give bail in the aggregate sum of $150,000, is unlawfully restrained of his liberty by the sheriff of Maricopa county while awaiting trial. Petitioner also alleges that his failure to furnish such bail is because of his financial inability to do so and contends that the excessive amount of bail so required of him is violative of his rights in that it amounts in effect to a denial of his constitutional right to be admitted to bail.

The return of the sheriff is to the effect that he has the custody of the petitioner pursuant to the orders of the magistrate fixing bail and petitioner's failure to execute bail bonds in the sums specified.

■ While there are no reported decisions of this court on the point, "It is a general rule that habeas corpus lies to procure the discharge upon bail in a proper amount of one who is held under excessive bail, provided, in some jurisdictions, that application has first been made to the lower court for reduction of the amount of bail. * * *" 25 Am.Jur., Habeas Corpus, Sec. 88; see also 39 C.J.S., Habeas Corpus, § 34(b). The Constitution of Arizona states in Article 2, Section 22: "All persons charged with crime shall be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great", and in Article 2, Section 15, of the Arizona Constitution, it is provided: "Excessive bail shall not be required, nor excessive fines imposed, nor

cruel and unusual punishment inflicted." In keeping with this basic law Section 44-411, A.C.A.1939 (Rules Cr.Proc., Sec. 70), provides: "All persons in custody for the commission of an offense not capital shall, before conviction, be entitled as of right to be admitted to bail."

■ While there is a split in the authorities, Arizona is, we believe, properly committed to the view that in fixing the amount of bail the innocence of the accused is presumed, In re Haigler, 15 Ariz. 150, 137 P. 423. Contra: Ex parte Ryan, 44 Cal. 555; Ex parte McWhorter, 48 Okl.Cr. 397, 292 P. 393; Ex parte Malley, 50 Nev. 248, 256 P. 512, 53 A.L.R. 395.

■ Bail is exacted for the sole purpose of securing the attendance of the defendant in court at all times when his presence may be lawfully required, and his surrendering himself in execution of any legal judgment that may be pronounced against him, Johnson v. State, 30 Ala.App. 593, 10 So.2d 298; People ex rel. Sammons v. Snow, 340 Ill. 464, 173 N.E. 8, 9, 72 A.L.R. 798; and any bail fixed at more than is necessary to secure that appearance is excessive within the meaning of the constitution, State ex rel. Corella v. Miles, 303 Mo. 648, 262 S.W. 364. "* * * excessive bail is not to be required for the purpose of preventing the prisoner from being admitted to bail. * * *" People ex rel. Sammons v. Snow, supra, and reasonable bail should not be denied for the purpose of punishing a person charged with crime, Johnson v. State, supra. Furthermore, an

aroused state of public opinion against one accused of crime is no ground for the fixing of excessive bail, Ex parte Stegman, 112 N.J.Eq. 72, 163 A. 422. However, bail is not to be deemed excessive merely because the accused cannot give the bail required, Ex parte Burnette, 35 Cal.App.2d 358, 95 P.2d 684.

The power to grant relief from excessive bail by habeas corpus should be exercised only in cases where there has been a real invasion of defendant's constitutional right that excessive bail shall not be required, and not where there is a mere difference of opinion as to the amount fixed, People ex rel. Deliz v. Warden of City Prison, 260 App.Div. 155, 21 N.Y.S.2d 435. In determining the amount of bail, in light of the constitutional prohibition against excessive bail, the court should consider the circumstances of each case, including among other factors: the nature and gravity of the offense charged; the character and reputation of the accused; his previous criminal record, if any; the measure of punishment which may be inflicted; and the ability of the accused to give bail, which includes his own pecuniary condition as well as the possession of friends able and willing to give bail for him, Green v. Petit, 222 Ind. 467, 54 N.E. 2d 281, and for an excellent annotation on the entire subject, see 72 A.L.R. 801.

In applying the foregoing legal principles to the case at hand it appears that all of the offenses with which defendant is charged are bailable and that petitioner is entitled under the constitution to be admitted to bail as a matter of right which, under all of the circumstances, must not be excessive. While the crimes charged are revolting in their nature, the legislature has not seen fit to consider them as offenses meriting long imprisonment, for until the last regular session of that body (The Twentieth), the punishment fixed by statute for each of these offenses was not less than one nor more than five years in the state prison, Secs. 43–406 and 43–407, A.C.A.1939. During the first regular session of the Twentieth Legislature, however, section 43–406, supra, was amended to provide a punishment for the crime against nature at not less then five nor more than twenty years in the state prison, Laws 1951, ch. 134, Twentieth Legislature. However, section 43–407, supra, has not been changed. There is no showing as to the character or prior bad reputation of petitioner, though it does appear that he has not previously been charged with or convicted of any crime. The petitioner asserts by verified petition, which stands uncontroverted, that he "does not possess financial means, property or resources to furnish bail in any substantial amount whatsoever," but that with the aid of friends and relatives he might be able to furnish bail in the total sum of $50,000. As mute evidence of his inability to give the required bail it does appear that he has

238

been incarcerated in the county jail since May 22.

Under these circumstances we hold that the action of the lower court in refusing to reduce bail below the aggregate sum of $150,000 set by the committing magistrate constituted a clear abuse of discretion in that the action taken was unreasonable and violated the constitutional right of petitioner to be admitted to bail. It is our considered opinion that the aggregate sum of $60,000 is a sufficient amount of bail to be required of petitioner.

It is therefore considered, adjudged and ordered that the bail required by the lower tribunals be reduced to $30,000 in each of said cases, Nos. 22012 and 22013, said bonds to be conditioned as by law required, and, upon the approval of the same by the trial court, respondent, Sheriff Boies, is directed to discharge the petitioner.

UDALL, C. J., and STANFORD, PHELPS, DE CONCINI and LA PRADE, JJ., concur.