261 P.3d 449

**Ricardo Acevedo Souza COSTA, Petitioner,**

v.

**The Honorable David L. MACKEY, Div. 1; and the Honorable Tina R. Ainley, Div. 3; Judges of the Superior Court of the State of Arizona, in and for the County of Yavapai, Respondent Judges,**

**The State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 11–0145.**

Court of Appeals of Arizona, Division 1, Department A.

July 26, 2011.

holder or legal owner of the note.

Aspey, Watkins & Diesel, P.L.L.C. By Bruce S. Griffen, Flagstaff, Attorneys for Petitioner.

Sheila Polk, Yavapai County Attorney By Steven A. Young, Prescott, Attorneys for Real Party in Interest.

## OPINION

TIMMER, Judge.

¶ 1 Despite finding that petitioner Ricardo Acevedo Souza Costa was eligible for bail pending trial on charges of continuous sexual abuse of a child, the superior court set bail at $75 million cash only. In this special action, we are asked to decide whether this bail is unconstitutionally excessive and whether the court's imposition of such bail requires a change of judge for cause. For the reasons that follow, we accept jurisdiction and hold that the bail amount is unconstitutionally excessive but that the court's bail ruling alone did not require a change of judge. We therefore grant relief to Costa by vacating the release order and directing the court to set an appropriate amount of bail.[1] The

---

1. We previously issued an order accepting jurisdiction, granting relief in part, and denying relief in part, stating that a detailed written disposition fully explaining our decision would follow. This opinion provides that explanation.

State does not attempt to justify the bail amount, but it asks that we vacate the trial court's ruling that continuous sexual abuse of a child is a bondable offense under the Arizona Constitution. Because the State cannot seek affirmative relief via a response to a special action petition, and because it acknowledges that the issue it raises is moot, we decline jurisdiction to consider this issue.

## BACKGROUND

¶ 2 In December 2008, the State indicted Costa on twelve counts of sexual conduct with a minor and child molestation pursuant to Arizona Revised Statutes ("A.R.S.") sections 13–1405(2010)—1410 (2010)[2] for allegedly performing sexual acts with two of his children under the age of fifteen. The court held Costa without bond pursuant to Article 2, Section 22(A)(1), of the Arizona Constitution, which prohibits bail for those charged with sexual conduct with a minor and child molestation when the child is under fifteen years of age and the proof is evident or the presumption great that the defendant committed the offenses. After the court dismissed some counts, the State re-indicted Costa in April 2010 on two counts of continuous sexual abuse of a child committed between January 2002 and November 2007 in violation of A.R.S. § 13–1417(2010). Section 13–1417(A) provides, in relevant part, that "[a] person who over a period of three months or more in duration engages in three or more acts in violation of § 13–1405 (sexual conduct with a minor), 13–1406 (sexual assault) or 13–1410 (child molestation) with a child who is under fourteen years of age is guilty of continuous sexual abuse of a child."

¶ 3 Following the new indictment, the court granted the State's motion to dismiss the December 2008 indictment. Costa then filed a motion for modification of release conditions, arguing that the new charges were bondable offenses. The State filed a response urging the court not to modify Costa's release conditions because A.R.S. § 13–1417 requires proof of three or more acts of sexual conduct with a minor, sexual assault or molestation of a child, all non-bondable

offenses. After conducting a three-day hearing, Judge Tina R. Ainley ruled that Article 2, Section 22(A)(1), of the Arizona Constitution, did not prohibit bail for a defendant charged with continuous sexual abuse of a child. Judge Ainley also found that the State had failed to show Costa was non-bondable pursuant to A.R.S. § 13–3961(D)(2010), which prohibits bail for a defendant who poses a substantial danger to others or committed a violent offense *and* the proof is evident or the presumption great that the defendant committed the charged offense. Judge Ainley concluded Costa was entitled to bail and then imposed bail in the amount of $75 million cash, explaining only that she had "considered the views of the victim representative, the nature of the charges, the weight of the evidence, the fact that [Costa] is not a citizen of the United States, [Costa's] length of legal residence in the United States, his work history, family and community support, and financial resources." Finally, Judge Ainley imposed nonmonetary release conditions, including surrender of Costa's passports and prohibition of contact between Costa and any victims, the victim representative, or any children under the age of eighteen.

¶ 4 After Judge Ainley issued her ruling, Costa filed a motion for change of judge for cause pursuant to Arizona Rule of Criminal Procedure ("Rule") 10.1, arguing he could no longer receive a fair and impartial trial because of Judge Ainley's alleged bias and prejudice against him as evidenced by the extraordinary amount of bail ordered. After the State responded in opposition to the motion, Presiding Judge David L. Mackey held a hearing to determine if a change of judge was required. During the hearing, Judge Mackey stated that although the bail set by Judge Ainley was "outside the realm of what is normal" in his experience, he did not have authority to vacate her ruling. Regardless, he concluded that Judge Ainley's imposition of an allegedly illegal bond was insufficient to establish bias and prejudice; he therefore denied the motion for change of judge for cause. At Costa's request, Judge Mackey

---

**2.** We cite to the current versions of the statutes cited in this opinion because no substantive

changes relevant to the issues presented have been made.

stayed proceedings to allow Costa to seek special action relief.

¶ 5 Costa filed a special action petition with this court raising two issues: (1) Did Judge Ainley err by setting a cash-only bond of $75 million? (2) Did Judge Mackey err by failing to grant the motion for change of judge for cause?

## SPECIAL ACTION JURISDICTION

¶ 6 We exercise our discretion to accept jurisdiction to decide whether Judge Ainley set a legally permissible bail amount because Costa does not possess an adequate remedy by appeal. Ariz. R.P. Spec. Act. (1)(a) ("[S]pecial action[s] shall not be available where there is an equally plain, speedy, and adequate remedy by appeal...."). Issues involving pretrial incarceration and release conditions become moot once a trial is conducted and any appeal can be filed. *Fragoso v. Fell*, 210 Ariz. 427, 429, ¶ 3, 111 P.3d 1027, 1029 (App.2005) (granting special action review of court's ruling that bail must be "cash-only"). Although Judge Mackey's ruling is subject to appellate review, *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 37, 124 P.3d 756, 768 (App.2005), we accept special action jurisdiction to consider it because we are reviewing Judge Ainley's ruling setting the amount of bail, which formed the sole basis for the motion for change of judge. *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 594, ¶ 16, 161 P.3d 1253, 1258 (App.2007) (jurisdiction more likely accepted when resolution "promotes judicial economy and efficient use of the parties' and the court's resources").

## DISCUSSION

**I. Did Judge Ainley abuse her discretion by setting bail in the amount of $75 million in cash?**

¶ 7 Costa argues that imposing a $75 million cash bond as a condition for his re-

lease violates his right to bail guaranteed by the Arizona Constitution. Notably, the State does not offer any arguments in support of the bond amount. We review Judge Ainley's order for an abuse of discretion. *Gusick v. Boies*, 72 Ariz. 233, 236-38, 233 P.2d 446, 448-49 (1951).

¶ 8 Article 2, Section 22(A), of the Arizona Constitution, provides that "[a]ll persons charged with crime shall be bailable by sufficient sureties, except" when charged with an enumerated offense and the proof is evident or the presumption great that they committed the offense. A trial court's discretion in setting bail is not unlimited. *Fragoso*, 210 Ariz. at 434, ¶ 22, 111 P.3d at 1034. The Arizona Constitution prohibits "excessive bail." Ariz. Const. art. 2, § 15. Because bail is designed, among other things, to assure the defendant's appearance at court proceedings, protect against intimidation of witnesses, and protect any victim or others, any bail set at an amount greater than necessary to achieve these purposes is excessive within the meaning of our constitution and is therefore prohibited. Ariz. Const. art. 2, § 22(B); *see also Gusick*, 72 Ariz. at 236, 233 P.2d at 448. (holding any bail fixed at an amount more than necessary to assure a defendant's attendance at court is constitutionally excessive and therefore prohibited);[3] *see also* Rule 7.2(a) (requiring imposition of "least onerous" release conditions if court determines release on defendant's own recognizance is insufficient to assure appearance). A court may not set bail in an amount calculated merely to keep a defendant in jail or as a form of punishment. *Gusick*, 72 Ariz. at 236, 233 P.2d at 448. Bail is not deemed excessive, however, simply because the defendant cannot provide it. *Id.* at 237, 233 P.2d at 448. Nothing prevents a court from issuing a "cash-only" bond, but the fact that bail imposed was "cash-only" can be considered when determining whether bail is exces-

---

**3.** Since the supreme court's decision in *Gusick*, voters amended Article 2, Section 22, of the Arizona Constitution, in the November 5, 2002, general election by adding subsection (B), which provides that "[t]he purposes of bail and any conditions of release ... include: 1. Assuring the appearance of the accused. 2. Protecting against

the intimidation of witnesses. 3. Protecting the safety of the victim, any other person or the community." *Fragoso*, 210 Ariz. at 433-34, ¶ 20, 111 P.3d at 1033-34. In light of this amendment, the *Gusick* holding must be expanded to mean that any bail amount greater than necessary to achieve any purposes of bail is excessive.

sive. *Fragoso,* 210 Ariz. at 431, ¶ 12, 434, ¶ 22, 111 P.3d at 1031, 1034.

¶ 9 Arizona Revised Statutes § 13–3967(B) (2010), lists twelve factors a court must consider when setting bail and other conditions for release.[4] Several factors support imposition of a substantial bond in this case: Costa is accused of committing despicable acts against his young children, one child said she witnessed sexual abuse of her sibling, and Costa will face lengthy prison sentences if convicted. *See* A.R.S. § 13–705(C) (2010) (requiring 13–27 years' imprisonment for conviction of continuous sexual abuse of child). The children, through their mother, expressed a preference that Costa remain jailed because they feared for their safety. Costa's family, excluding his children and one brother, resides in Brazil, which suggests Costa may have diminished incentive to remain in Arizona throughout the court proceedings. Other factors mitigate against imposition of a substantial bond: The allegations of abuse arose only after Costa and his wife commenced dissolution-of-marriage proceedings, and some witnesses expressed concerns that the children had been coached in their allegations. Costa is a legal resident of the United States and has resided in Sedona for more than 15 years; the court's order requiring him to surrender his passports presumably would prevent him from leaving the country if he were to post the required bond. Many residents testified, wrote letters, or signed petitions attesting to his good character. Prior to his arrest, Costa had stable employment as an emergency medical technician and as a construction worker; he is currently jailed and unemployed and therefore relies on others for financial support. He has no prior felony convictions and has no history of drug or alcohol abuse.

¶ 10 Considering the evidence presented at the bail hearing, we conclude Judge Ainley imposed bail that was constitutionally excessive because it was vastly greater than necessary to assure Costa's attendance at court, protect against intimidation of witnesses, and protect the safety of the alleged victims and others. Ariz. Const. art. 2, § 22(B); *Gusick,* 72 Ariz. at 236, 233 P.2d at 448. At best, only a handful of extraordinarily wealthy individuals would be able to post $75 million in cash to secure release pending trial.[5] Nothing suggests that Costa—an unemployed man dependent upon others for financial assistance—falls anywhere near inclusion within such an elite group. Although Judge Ainley ruled Costa was bailable, the oppressive requirements she imposed effectively constituted a denial of bail. This she could not do under Article 2, Section 22 of our constitution. We therefore vacate Judge Ainley's order setting release conditions, including the amount and type of bail, and direct her to enter a new release order that establishes the least onerous bail amount and other release conditions neces-

4. Section 13–3967(B) requires the court to consider the following:
 1. The views of the victim.
 2. The nature and circumstances of the offense charged.
 3. The weight of evidence against the accused.
 4. The accused's family ties, employment, financial resources, character and mental condition.
 5. The results of any drug test submitted to the court.
 6. Whether the accused is using any substance if its possession or use is illegal pursuant to chapter 34 of this title. [footnote omitted].
 7. Whether the accused violated § 13–3407, subsection A, paragraph 2, 3, 4 or 7 involving methamphetamine or § 13–3407.01.
 8. The length of residence in the community.
 9. The accused's record of arrests and convictions.
 10. The accused's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.
 11. Whether the accused has entered or remained in the United States illegally.
 12. Whether the accused's residence is in this state, in another state or outside the United States.

5. The enormity of this bail requirement was highlighted at the hearing on the motion for change of judge for cause when Costa's attorney pointed out that the entire budget for the Yavapai County justice system, including the sheriff, clerk, legal defender, county attorney, constable, the superior court and the Justice of the Peace Courts, is $43 million. Furthermore, experienced criminal law attorneys in Yavapai County stated in affidavits that the largest bail amounts previously required in Yavapai County to their knowledge were $2.5 million and $5 million, respectively, for murder charges.

sary to reasonably assure Costa's appearance at court proceedings, protect against intimidation of witnesses, and protect any victim or others.[6] We further direct Judge Ainley to issue a written order explaining her reasoning for imposing the bond amount contained in the new release order.

## II. Did Judge Mackey err by denying the motion for change of judge for cause?

¶ 11 Costa next argues Judge Mackey erred by denying his motion for change of judge for cause based on the allegedly inherent bias and prejudice exhibited by Judge Ainley in the release order.

¶ 12 A defendant's right to a fair trial includes the right to a judicial officer who is fair and impartial. *State v. Ellison*, 213 Ariz. 116, 128, ¶ 35, 140 P.3d 899, 911 (2006). Judicial officers are presumed to be free from bias or prejudice, however. *State v. Rossi*, 154 Ariz. 245, 247, 741 P.2d 1223, 1225 (1987). Thus, a defendant moving for a change of judge for cause based on bias or prejudice has the burden of proving those facts by a preponderance of evidence. *Ellison*, 213 Ariz. at 128, ¶ 37, 140 P.3d at 911 (citation omitted). A change of judge for cause is not warranted if based merely on "speculation, suspicion, apprehension, or imagination." *Id.* (citation omitted).

¶ 13 Costa did not meet his burden of proving by a preponderance of the evidence that Judge Ainley is biased or prejudiced. He relies solely on the release order

as evidence. In our view, Judge Ainley's erroneous order setting excessive bail is insufficient alone to overcome the presumption that she is free of bias and prejudice. *See Ellison*, 213 Ariz. at 129, ¶ 40, 140 P.3d at 912 (citations omitted) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... without showing '[ ]either an extrajudicial source of bias [ ] or any deep-seated favoritism.'"). Although Judge Ainley erred by setting bail for $75 million cash, Costa does not explain how a single even gross error necessarily proves judicial bias and prejudice. *See State v. Eastlack*, 180 Ariz. 243, 255, 883 P.2d 999, 1011 (1994). We reviewed the transcripts from the three-day hearing that resulted in Judge Ainley's release order and discerned nothing showing by a preponderance of evidence that Judge Ainley was biased or prejudiced against Costa. Indeed, Judge Ainley ruled against the State in determining that the offense at issue was bailable. Therefore, although we accept jurisdiction to consider Judge Mackey's ruling, we deny relief to Costa as Judge Mackey did not commit error in denying the motion for change of judge for cause. Our decision would not preclude Costa from raising the issue on direct appeal if more facts are developed showing Judge Ainley is biased or prejudiced against him.[7]

## III. Is the State entitled to relief?

¶ 14 In its response, the State asks us to vacate Judge Ainley's ruling that continuous sexual abuse of a child pursuant to A.R.S. § 13–1417 is a bondable offense

6. We decline Costa's request that we set bail based on the record before us. We are not equipped to make the factual determinations needed to impose an appropriate bail amount and other conditions for release. Additionally, we are not aware whether the court in Yavapai County uses any type of bail schedule that might guide us in making an appropriate bail determination. *See* Lindsey Carlson, "Bail Schedules: A Violation of Judicial Discretion?" 26 Crim. Just. 12, 13–14 (Spring 2011) (describing different types of bail schedules used by courts in the United States).

7. Costa also argues Judge Mackey was wrong to conclude he lacked authority to overrule the bail decision. This issue is moot because we decide the bail was excessive and direct the court to redetermine the bail amount. Regardless, Judge

Mackey was correct—he did not have authority to overrule Judge Ainley's decision. *See Fraternal Order of Police, Lodge 2 v. Superior Court*, 122 Ariz. 563, 565, 596 P.2d 701, 703 (1979) (holding that a judge has "no jurisdiction to review or change the judgment of a judge with identical jurisdiction"); *Dunn By & Through Dunn v. Superior Court*, 160 Ariz. 311, 315, 772 P.2d 1164, 1168 (App.1989) ("[T]he assignment authority of the presiding judge does not include the power to exercise a 'horizontal appeal' and overrule a fellow judge on decisions of substance...."). Judge Mackey was entitled to consider the propriety of the ruling in deciding whether Judge Ainley displayed bias and prejudice, however, which is essentially what he did by assuming the bail ruling was erroneous.

under Article 2, Section 22(A)(1), of the Arizona Constitution. We decline to accept special action jurisdiction to review this ruling. The propriety of Judge Ainley's ruling is not properly raised in the State's response to the special action petition. The response is not labeled a "cross-petition," but even if it were, the Rules of Procedure for Special Actions do not authorize cross-petitions. The State must seek any affirmative relief from an interlocutory ruling via a special action petition. Also, because the State asserts that the propriety of the ruling it challenges is moot in light of Judge Ainley's finding concerning the applicability of A.R.S. § 13–3961(D), we decline jurisdiction for this additional reason.

## CONCLUSION

¶ 15 For the foregoing reasons, we accept jurisdiction over Costa's petition for special action and grant relief by vacating Judge Ainley's release order and directing her to set bail and impose other release conditions in the least onerous manner necessary to achieve the purposes of bail. We further direct Judge Ainley to issue a written order explaining her reasoning for imposing the bond amount contained in the new release order. We deny relief to Costa regarding Judge Mackey's ruling on the motion for change of judge for cause. We decline jurisdiction to consider the propriety of Judge Ainley's ruling that continuous sexual abuse of a child is a bondable offense under the Arizona Constitution.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and PATRICIA A. OROZCO, Judge.