NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RASHAWN MARK BERHANE, *Appellant.*

No. 1 CA-CR 18-0572
No. 1 CA-CR 18-0585
(consolidated)

FILED 6-4-2020

Appeal from the Superior Court in Maricopa County
No. CR2016-135368-001
No. CR2015-108505-002
The Honorable Douglas Gerlach, Judge
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist III
*Counsel for Appellee*

Law Office of Katia Méhu, Phoenix
By Katia Méhu
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

**M c M U R D I E,** Judge**:**

**¶1**       Rashawn Mark Berhane appeals from his convictions and sentences for two counts of selling narcotic drugs in Maricopa County Cause No. CR2016-135368-001 and from the revocation of probation and sentence in Maricopa County Cause No. CR2015-108505-002. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL BACKGROUND

**¶2**       In 2015, Berhane pled guilty to possessing drug paraphernalia. The court placed him on two years' probation. At around the same time, the State charged Berhane with committing two felony offenses in Pinal County. Berhane was released on bond in that matter.

**¶3**       In the summer of 2016, while the Pinal County charges were pending, the State charged Berhane with three counts of selling narcotic drugs to an undercover Phoenix police detective (Cause No. CR2016-135368-001). At Berhane's trial on those charges, the detective testified Berhane sold him increasingly larger amounts of crack cocaine on three different occasions over approximately two weeks in June and July of 2016**.**

**¶4**       The jury acquitted Berhane of the earliest alleged sale but convicted him of the latter two. The jury further found three aggravating circumstances applicable to the convictions: (1) Berhane committed the offenses for pecuniary gain; (2) he committed the crimes while on probation for another felony conviction; and (3) he committed the offenses while released on bond for a separate felony charge.

---

[1]       We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

**¶5** The superior court sentenced Berhane as a repetitive offender to concurrent terms of 18.75 years' imprisonment for each of the two drug sales. Those convictions automatically revoked Berhane's probation, and the court imposed a consecutive one-year prison term.

**¶6** We have jurisdiction to consider Berhane's appeals in both causes, which were consolidated, under Arizona Revised Statutes ("A.R.S.") sections §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### A. On Appeal, Berhane May Not Challenge the Reexamination of His Bail Eligibility.

**¶7** When Berhane was arrested for the 2016 drug charges, the Maricopa County Superior Court found him bailable as a matter of right. *See* Ariz. Const. art. 2, § 22; Ariz. R. Crim. P. 7.4(a). After Berhane posted a bond, the State moved the court to find him non-bailable, arguing he committed the Maricopa County offenses while released on the Pinal County charges. The court held an evidentiary hearing to reexamine Berhane's bail eligibility, found the State had met its burden under the Arizona Constitution, and ordered Berhane held without bond. *See* Ariz. Const. art. 2, § 22(A)(2) (defendant not bailable "[f]or felony offenses committed when the person charged is already admitted to bail on a separate felony charge and where the proof is evident or the presumption great as to the present charge"); Ariz. R. Crim. P. 7.4(c)(1).

**¶8** We find no merit in Berhane's claim the superior court erroneously revoked his bailable status. Moreover, he had to raise the alleged error in a petition for special action before trial. *See Costa v. Mackey*, 227 Ariz. 565, 569, ¶ 6 (App. 2011) ("Issues involving pretrial incarceration and release conditions become moot once a trial is conducted and any appeal can be filed."). Having been convicted and sentenced, there is no longer a remedy for the alleged error. *Id.*

### B. The Superior Court Acted Within Its Discretion by Denying Berhane's Motion to Compel Disclosure of the State's Confidential Informant Without an Evidentiary Hearing.

**¶9** The undercover detective who bought the drugs from Berhane targeted him based on a tip from a confidential informant. According to the detective's police report, the informant told him a man known as "G" was selling crack cocaine from his house, and then pointed the house out to the detective. The informant also told the detective that

"G" had people selling crack cocaine for him out of rooms "G" rented at a motel the informant also identified. The police report revealed no further involvement by the informant. When the detective met Berhane for the first time, Berhane identified himself as "G."

¶10 Before the trial, Berhane moved for an order compelling the State to disclose the informant's identity, make the informant available for an interview, and provide additional information about the informant's criminal history and relationship with law enforcement. Berhane acknowledged it was "unknown and unclear" whether the informant was present during police surveillance and communications with Berhane, or the charged sales, but he "anticipated" the informant would support his mistaken-identity defense by confirming the narcotics were not purchased from him. The State argued, in response, that disclosure was unwarranted because the informant merely led the police to Berhane and was not present during any of the charged transactions. In his reply, Berhane offered a factual account that both expanded upon and departed from his previous filing—asserting, in essence, the police used the informant to set him up, the informant was personally involved in each of the charged transactions, and the informant had information that would support an entrapment defense. The superior court denied Berhane's motion without holding an evidentiary hearing. After oral argument, the court denied Berhane's motion for reconsideration and later dismissed a second motion for reconsideration.

¶11 Generally, the State "may withhold from disclosure the identity of persons who furnish information of violations of law to law enforcement officers in furtherance of the public interest in effective law enforcement." *State v. Tuell*, 112 Ariz. 340, 343 (1975) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)), *abrogated on other grounds by State v. Duran*, 233 Ariz. 310 (2013). That privilege gives way, however, if the defendant demonstrates "that, in view of the evidence, the informer would be a material witness on the issue of guilt which might result in exoneration and that nondisclosure of his identity would deprive the defendant of a fair trial." *Id.*; *see also* Ariz. R. Crim. P. 15.4(b)(2) (a party need not disclose the identity of non-testifying informant if disclosure "would result in substantial risk to the informant or to the informant's operational effectiveness" and nondisclosure "will not infringe on the defendant's constitutional rights").

¶12 We review the superior court's denial of Berhane's motion to compel disclosure of the informant's identity for an abuse of discretion. *See Tuell*, 112 Ariz. at 342–43. The court's decision to rule on the pleading rather

than hold an evidentiary hearing is also reviewed for an abuse of discretion. *See State v. Hulsey*, 243 Ariz. 367, 377, ¶ 21 (2018).

**¶13** The superior court acted within its discretion by denying Berhane's motion because Berhane did not "establish that the informant could testify on the merits of the case." *State v. Grounds*, 128 Ariz. 14, 15 (1981). The defendant bears the burden of demonstrating an undisclosed informant is likely to have relevant evidence. *Id.*; *Tuell*, 112 Ariz. at 343. To do so, the defendant cannot rely solely on argument but must provide proof like "sworn affidavits, stipulated facts, depositions, [or] oral testimony." *Grounds*, 128 Ariz. at 15. Berhane did not provide competent evidence in support of the disclosure.

**¶14** Berhane contends he could have provided the necessary evidence at an evidentiary hearing. But when the court allowed Berhane to explain how an evidentiary hearing would yield information helpful to his motion, Berhane did not provide a viable explanation. Because Berhane's argument for disclosure was based on unsworn assertions not supported by evidence, an evidentiary hearing would have been futile. The superior court did not err by denying his motion without a hearing. *See State v. Wassenaar*, 215 Ariz. 565, 576–77, ¶¶ 44, 48–51 (App. 2007) (court did not err by denying an evidentiary hearing when the defendant failed to support the claim with evidence); *State v. Robles*, 182 Ariz. 268, 271 (App. 1995) (court did not err by denying the motion to disclose informant based solely on counsel's argument).

## C.     The Correctness of the Superior Court's Ruling on Berhane's Motion to Compel Is Fatal to His Claim of Sentencing Error.

**¶15** Berhane challenges the aggravation of his 18.75-year sentence.[2] He contends the superior court's refusal to compel disclosure of the informant prevented him from mounting an effective defense to the narcotics-sale charges, and consequently, to the jury's finding he committed those offenses for pecuniary gain. He further contends that because his convictions were obtained in error, his probation and bond-release status

---

[2]     Based on the jury's findings that Berhane was on probation and felony release when he committed the crimes, and the superior court's determination he was a category-three repetitive offender, the minimum prison sentence the court could impose for each class-two narcotics-sale conviction was 17.75 years. *See* A.R.S. §§ 13-703(J), -708(C), (D).

on the dates of the charged offenses cannot be treated as aggravating circumstances. As noted above, the superior court did not err.

## CONCLUSION

¶16     We affirm Berhane's convictions and sentences.

