NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

TIMOTHY PHIFER, *Petitioner*.

No. 1 CA-CR 20-0538 PRPC
FILED 6-17-2021

---

Petition for Review from the Superior Court in Maricopa County
No.  CR2018-122331-001
The Honorable Stephen M. Hopkins, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Timothy Phifer, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1        Timothy Phifer petitions this court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 33.1.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        The State indicted Phifer on two counts of aggravated assault, which were alleged to be dangerous because Phifer wielded a rock during the incident.  The superior court ruled he was eligible to be released pending trial on deposit of a $5,000 bond.  The court denied Phifer's motion to modify release conditions by eliminating the bond requirement in favor of an alternative such as electronic monitoring.  Phifer appeared to have mental health issues, and the superior court granted defense counsel's motion for a Rule 11 examination.  Based on the reports of two physicians, Phifer was found to be competent.

¶3        The State extended an offer to Phifer that entailed him pleading guilty to one assault count and receiving a prison sentence of six and one-half years.  After considering Phifer's mental health issues, the State revised its offer by stipulating to a five-year sentence and removing the dangerousness allegation.  The State's offer further provided that it would dismiss allegations of Phifer's prior felony convictions but that the court could consider any dismissed allegations in aggravation of the sentence.  Phifer pleaded guilty under those terms, and the superior court sentenced him to five years' imprisonment, as contemplated by the plea agreement.

¶4        Phifer filed a notice requesting post-conviction relief, and the superior court appointed counsel to represent him.  After Phifer's appointed attorney informed the court she could find no colorable claim to pursue, Phifer filed a petition for post-conviction relief *in propria persona*.  In that petition, which was submitted using a form document, Phifer checked various boxes asserting the following grounds for relief under Rule 33.1: (1)

he received ineffective assistance of counsel; (2) he was subjected to double jeopardy; (3) the superior court lacked subject-matter jurisdiction; (4) his sentence was unauthorized by law or the plea agreement; (5) newly discovered material facts exist that would probably have changed the judgment or sentence; (6) the failure to file a timely notice was not his fault; (7) there has been a significant change in the law that would probably overturn the judgment or sentence if applied to his case; and (8) there is clear and convincing evidence he is actually innocent. In support of these claims, Phifer referred to "some documents the courts s[av]ed"; statements by a nurse practitioner; transcripts of the settlement conference, change-of-plea hearing, and sentencing hearing; and conditions of release. Phifer did not explain how these documents substantiated his claims.

¶5        Before the State responded to Phifer's petition, he filed a letter apparently supplementing the petition and suggesting that its deficiencies were caused by medical issues and a problem with his mail. Much of the letter is illegible, but it appears to refer to Phifer's treatment in custody, pre-conviction release conditions, and mental health issues. After the State filed a response recommending that the superior court dismiss Phifer's petition because it did not comply with Rule 33.7(b) and did not state any non-precluded, colorable claims, Phifer submitted a reply in which he appeared to raise the following issues: (1) his sentence was excessive because he caused "only lacerations to the back of the head [of the victim]"; (2) he committed the offense because he was suffering from delusions and was therefore not criminally responsible; (3) his attorney was unreasonably slow in obtaining the mental health records used to justify the five-year plea offer; (4) his attorney should have challenged his competency and/or pursued a defense based on his mental illness; and (5) he should have been released on his own recognizance after his arrest.

¶6        After considering the parties' filings, including Phifer's supplement and reply, the superior court summarily dismissed his petition. Phifer now seeks review of that decision, which we will not upset absent an abuse of discretion. *See State v. Kolmann*, 239 Ariz. 157, 160, ¶ 8 (2016).

¶7        Phifer's petition for review, which lacks clarity and compliance with Rule 33.16(c)(2) in certain respects, appears to assert the following claims for relief: (1) he should have been released from custody pending his guilty plea; (2) he only signed the plea agreement to escape the conditions in county jail and because the agreement led him to believe he could receive probation; (3) his sentence for a non-dangerous, non-repetitive felony was excessive; and (4) he should have been required to

sign the plea agreement in open court. Phifer suggests his counsel performed deficiently by allowing, or facilitating, some of the above issues.

**¶8** Absent circumstances that are not apparent in this case, *see State v. Vera*, 235 Ariz. 571, 574, ¶¶ 9-11 (App. 2014), we do not consider issues raised in a petition for review that were not first presented to the superior court. *See State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see also* Ariz. R. Crim. P. 33.16(c)(2)(B) (requiring a petition for review to include "a statement of issues the trial court decided that the defendant is presenting for appellate review"). While the illegibility and vagueness of Phifer's filings present some difficulty in determining the scope of claims raised both below and on review, a generous interpretation of Phifer's submissions reveals no indication that he gave the superior court an opportunity to consider claims that (1) he was led to believe he might receive probation if he pleaded guilty or (2) he should have signed the plea agreement in open court. We therefore decline to consider those claims. We further limit our review of Phifer's claims based on his release conditions and sentence to the arguments he raised below.[1] Because Phifer's petition for review does not raise issues regarding his competency determination, mental-illness defense, or the delay in obtaining his mental health records, Phifer has waived our review of those issues. *See* Ariz. R. Crim. P. 33.16(c)(4); *State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12 n.4 (App. 2010).

**¶9** Turning to the claims Phifer preserved for review, we discern no abuse of discretion in the superior court's denial of post-conviction relief, which may be affirmed "if it is legally correct for any reason." *State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶10** Phifer's contention that he should have been released on his own recognizance pending entry of his guilty plea is not a cognizable basis for post-conviction relief. *See Costa v. Mackey*, 227 Ariz. 565, 569, ¶ 6 (App. 2011) ("Issues involving pretrial incarceration and release conditions become moot once [the defendant is convicted and sentenced]."). Nor did he establish a colorable claim that his attorney's performance regarding release conditions "fell below objectively reasonable standards" resulting

---

[1] Because the superior court appears to have considered issues Phifer raised for the first time in the supplement to his petition for post-conviction relief and in his reply to the State's response, we treat those issues as reviewable. *Cf. State v. Lopez*, 223 Ariz. 238, 240, ¶ 7 (App. 2009) (indicating that the superior court has discretion whether to consider claims raised for the first time in the defendant's reply in a proceeding for post-conviction relief).

in prejudice. *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006). Defense counsel made reasonable efforts to get Phifer released on his own recognizance, and Phifer fails to explain, in any event, how he would have received a better outcome had defense counsel managed to secure his release without bond.

¶11 Insofar as Phifer contends his guilty plea was based on a desire to escape the onerous conditions of county jail, he fails to state a colorable claim that "unpleasant jail conditions . . . had such a coercive influence on his decision to plead guilty that the plea was involuntary." *State v. Ellis*, 117 Ariz. 329, 331 (1977); *see also State v. Burton*, 16 Ariz. App. 61, 63 (1971). Phifer did not complain about jail conditions in his motion to modify the conditions of release, at the settlement conference, or at the change-of-plea hearing. Nor does the record show that Phifer was in favor of going to trial. During the change-of-plea proceeding, Phifer confirmed no one had made him "feel threatened or forced into signing the plea agreement." Contrary to an assertion in his petition for review, Phifer made no statements at that proceeding indicating he was signing the plea agreement "under great distress." Phifer complains of being severely beaten three times while in custody, but his descriptions of the assaults all indicate they occurred after he decided to change his plea.

¶12 Phifer's claim that his sentence was excessive considering the extent of harm to the victim is also without merit. Phifer admitted he committed a class 3 felony aggravated assault by "us[ing] a rock to recklessly cause a physical injury to another person." Phifer agreed to, and was sentenced in accordance with, a prison term within the statutory range for the crime he committed. *See* Arizona Revised Statutes section 13-702(D). Considering that defense counsel assisted Phifer in obtaining a more favorable sentence than the offer initially extended by the State, Phifer fails to show his attorney's performance relating to the sentence imposed was objectively unreasonable.

¶13 For the above reasons, we grant review but deny relief.

