NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

RICHARD GONZALES, *Petitioner/Appellee*,

*v.*

RAYLENE GENE DAYTON, *Respondent/Appellant.*

No. 1 CA-CV 25-0659 FC

FILED 05-26-2026

Appeal from the Superior Court in Maricopa County
No. FC2024-005515
The Honorable Hope E. Fruchtman, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Raylene Gene Dayton, Prescott
*Respondent/Appellant*

Richard Gonzales, Phoenix
*Petitioner/Appellee*

---

## MEMORANDUM DECISION

Judge Andrew J. Becke delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**B E C K E**, Judge:

¶1　　　　Raylene Gene Dayton ("Mother") appeals the superior court's order establishing legal decision-making, parenting time, and child support. Because the court considered a report that was not admitted in evidence, we vacate and remand.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　Mother and Richard Gonzales ("Father") have two minor children in common, born in April 2021 and June 2022. In October 2024, alleging Mother refused to let him visit the children, Father filed a petition to establish legal decision-making, parenting time, and child support. He requested joint legal decision-making authority and parenting time every weekend. Mother requested sole legal decision-making authority and no parenting time for Father. A court-appointed advisor ("CAA") was ordered to investigate and make recommendations. The superior court ordered the Department of Child Safety ("DCS") to provide records to the CAA given allegations of child abuse and neglect.

¶3　　　　In February 2025, the CAA submitted her report to the court and the court reviewed the report with the parties at a status conference, where the CAA testified. The court determined that, while there were concerns about child abuse by others, DCS records did not establish that Father was a perpetrator. The court issued temporary orders allowing Father parenting time every other weekend until entry of final orders.

¶4　　　　After a one-day trial in June 2025, where the CAA did not testify and the CAA's report was not received in evidence, the court issued final orders providing for joint legal decision-making authority, with the children to reside primarily with Mother. The order authorized Father to have parenting time that increased in stages until he had three weekends a month during the school year and week on/week off during the summer break. Father was ordered to pay $543 in monthly child support.

¶5          We have jurisdiction over Mother's timely appeal under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

## I.       The Superior Court Did Not Ignore Mother's Exhibits nor Prevent Her from Presenting Her Case.

¶6          Mother argues the superior court committed "structural due process error" when it ignored her exhibits and ended trial before she presented her case-in-chief. The facts do not support Mother's claims.

¶7          Mother did not list any trial exhibits in any pretrial filing. At trial, Mother did not move to admit any exhibits. To the contrary, Mother's counsel told the court he did not want the court to look at or consider any exhibits, as they were not relevant. Mother did present her case-in-chief, which consisted of her own testimony. Mother did not call any other witnesses. Before concluding trial, the court asked if either party had anything else to present, and both Mother and Mother's counsel answered no. Mother fails to show error.

## II.      The Superior Court Erred in Considering the CAA's Report at Trial.

¶8          Mother argues the superior court erred by considering the CAA report at trial, which was never admitted into evidence. We agree.

¶9          "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner, as well as a chance to offer evidence and confront adverse witnesses." *Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 11 (App. 2016) (citation and quotations omitted). We review constitutional issues *de novo. Doherty v. Leon*, 249 Ariz. 515, 518, ¶ 7 (App. 2020).

¶10         When appointed by the superior court, a CAA "must submit a report . . . which is admissible," addressing the CAA's "recommendations regarding the child's best interests . . . ." Ariz. R. Fam. L. P. 10.1(d)(5). At the February 2025 status conference, the CAA submitted her report to the court and testified about her recommendations. At that same hearing, the CAA and the parties discussed the report with the court, and there was no objection to the CAA's testimony or her report. Based on that discussion, the court ordered limited contact with certain individuals, directed the

3

parties to undergo counseling, and awarded Father temporary parenting time.

¶11            However, the CAA did not testify at trial, and her report was not offered or admitted into evidence. The superior court did not notify the parties that the CAA report would be considered in determining the final orders. Yet, the court relied on the CAA report's narrative of police reports and DCS reports in its decision to give Mother and Father joint legal decision-making and in its delegation of parenting time. From the record provided, Mother had no notice that the court would rely on the CAA's report in determining legal decision-making authority and parenting time. As a result, Mother had no meaningful opportunity to be heard on the issue, meaning the resulting "ruling did not comport with due process." *See Cruz*, 240 Ariz. at 238, ¶ 17. Accordingly, the July 14, 2025 order is vacated and remanded for further proceedings.

¶12            Because the CAA report was improperly considered, we do not address Mother's remaining arguments concerning the court's findings based on the CAA report.

### III.    Mother Has Not Shown a Trial Before a Different Judicial Officer is Warranted.

¶13            Mother asks this court to remand the case for a new trial before a different judicial officer because of the superior court's "credibility judgments" and Mother's general dissatisfaction with the results of trial.

¶14            Judicial officers are presumed to be fair and impartial, and a party has the burden of rebutting that presumption by a preponderance of the evidence. *Costa v. Mackey*, 227 Ariz. 565, 571, ¶ 12 (App. 2011). And a judge's rulings are almost never a valid basis for disqualification, absent "either an extrajudicial source of bias" or "deep-seated favoritism." *Id.* at ¶ 13 (quoting *State v. Ellison*, 213 Ariz. 116, 129, ¶ 40 (2006)). Other than expressing disagreement with the court's conclusions, Mother fails to demonstrate that the court was biased against her. Therefore, Mother fails to show a new trial before a different judicial officer is warranted.

4

**CONCLUSION**

¶**15**        We vacate the superior court's July 14, 2025 order and remand for the superior court to reconsider the issues, either without the non-admitted CAA report or with the CAA report, if it is properly admitted in evidence after proper notice to the parties and an opportunity for both to be heard on such evidence.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR