NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOE ARTHUR SANCHEZ, *Appellant.*

No. 1 CA-CR 19-0109
FILED 6-2-2020

Appeal from the Superior Court in Maricopa County
No.  CR2017-151752-001
The Honorable Erin Otis, Judge *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Gracynthia Claw
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Jennifer B. Campbell joined.

_____

**C A T T A N I**, Judge:

¶1          Joe Arthur Sanchez appeals his convictions and sentences for misconduct involving weapons (prohibited possessor), resisting arrest, and possession of a dangerous drug.  Sanchez contends that he was deprived of his right to counsel because he had an irreconcilable conflict and complete breakdown of communication with his appointed attorney.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In November 2017, Sanchez was arrested after shooting the victim in the leg.  At Sanchez's initial appearance, the superior court found Sanchez indigent, appointed counsel, and set release conditions including a $75,000 bond, electronic monitoring, and pretrial supervision.

¶3          Approximately three months later, Sanchez filed a *pro se* motion requesting a change of counsel.  Sanchez explained that he wanted new counsel because he had not received all his relevant paperwork and counsel had not filed the motions Sanchez requested (specifically motions for bond reduction and change of counsel).  The court granted Sanchez's request for new counsel but informed him that extraordinary circumstances would be required to justify a second change of counsel.

¶4          At the hearing in which the court granted Sanchez's request to change counsel, Sanchez sought a bond reduction.  When asked to explain what changed circumstances warranted reconsideration of the bond amount, Sanchez explained that he believed his bond was excessive, he had not yet received all his paperwork from his attorney, he was previously kicked out of the judge's courtroom ten years ago, and the judge had sentenced his brother.  The court did not rule on Sanchez's motion because there was no written motion on the docket.  Sanchez's new counsel did not file a motion seeking a bond reduction, and Sanchez's prior motion never appeared on the docket.

2

¶5            Trial was set for May 30, 2018.  Three weeks before the trial date, defense counsel indicated that although he was in the middle of another trial, he intended to interview witnesses and be ready for trial because Sanchez wished to proceed as soon as possible.  A week before the scheduled trial date, Sanchez filed a second motion for new counsel.  Then, just before trial was scheduled to begin, defense counsel filed a motion to continue because of scheduling conflicts.  Sanchez individually objected to the continuance.  The court inquired whether Sanchez's motion to have new counsel appointed was based on the continuance or for other reasons. Sanchez explained that his motion was based partially on his counsel's request to continue trial and partially on his belief that defense counsel would not be able to visit him in jail.  The court denied the motion and rescheduled the trial for August 7, explaining that if it granted Sanchez's request for a new attorney, his new counsel might have similar trial conflicts.  The court then ordered Sanchez's attorney to meet with Sanchez after the attorney concluded his pending trial.

¶6            Just before trial was to begin on August 7, defense counsel again sought a continuance because he was set to start another trial with four attorneys whose schedules had been difficult to coordinate.  The court granted the continuance despite Sanchez's objection, resetting trial for September 18.  The State then sought a continuance of that trial date because the prosecutor was starting a different trial that day.  And although Sanchez again objected to a continuance, the court granted the motion and reset trial for November 7 because both defense counsel and the prosecutor had trial conflicts.

¶7            After the third continuance, trial began on November 7.  The jury found Sanchez guilty of misconduct involving weapons, resisting arrest, and possession of a dangerous drug; found him not guilty on one count of aggravated assault; and hung on another aggravated-assault count.[1]  The superior court sentenced him to concurrent terms of imprisonment, the longest of which is 7.5 years.

¶8            Sanchez timely appealed, and we have jurisdiction under A.R.S. § 13-4033(A).

---

[1]       Sanchez later pleaded no contest to this count of aggravated assault and does not challenge the conviction on appeal.

**DISCUSSION**

¶9 Sanchez contends that he was deprived of his right to counsel when the superior court denied his second request for new counsel. We review the superior court's decision on a motion to change counsel for abuse of discretion. *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998).

¶10 Although the Sixth Amendment entitles a criminal defendant to competent representation, an indigent defendant is not entitled to "counsel of choice" or to "a meaningful relationship with his or her attorney." *Id.* Ordinarily, only "an irreconcilable conflict or a completely fractured relationship between counsel and the accused" will require the appointment of new counsel. *State v. Cromwell*, 211 Ariz. 181, 186, ¶ 29 (2005). The court's failure to inquire into the basis for the defendant's dissatisfaction with defense counsel or failure to hold a hearing after being presented with specific supporting factual allegations may constitute an abuse of discretion in this context. *State v. Paris-Sheldon*, 214 Ariz. 500, 504, ¶ 8 (App. 2007).

¶11 Sanchez contends the court erred by denying his request without conducting a sufficient hearing and asks that we remand for a more extensive evidentiary hearing on his claims. Although the superior court must inquire into the basis for a request for substitution of counsel on the record, the nature of the inquiry depends on the nature of the request. *State v. Hernandez*, 232 Ariz. 313, 318, ¶¶ 13–14 (2013). While "generalized complaints about differences in strategy may not require a formal hearing or an evidentiary proceeding[,] . . . if the defendant sets forth sufficiently specific, factually based allegations, the court must conduct a hearing into his complaint." *Id.* at ¶ 14 (quotation and alterations omitted); *see also State v. Gomez*, 231 Ariz. 219, 225–26, ¶ 29 (2012) ("A [court] is not required to hold an evidentiary hearing . . . if the motion fails to allege specific facts suggesting an irreconcilable conflict or a complete breakdown in communication, or if there is no indication that a hearing would elicit additional facts beyond those already before the court.").

¶12 Here, Sanchez filed a one-sentence motion that did not include any factual allegations suggesting an irreconcilable conflict or a completely fractured relationship. Nevertheless, the superior court followed up to determine why Sanchez was requesting a change of counsel. Sanchez asserted that he did not want his trial to be continued, counsel had not shown him evidence, and he felt that counsel would be unable to visit him because of counsel's busy trial schedule. But Sanchez indicated that he

did not want to waive time for new counsel to be appointed.[2]  And based on Sanchez's concerns that his attorney's rigorous trial schedule would prevent him from visiting him in jail, the court ordered counsel to meet with Sanchez.  Sanchez also failed to explain how counsel's trial schedule would prejudice him or what additional evidence counsel should have provided him.  Although the court's inquiry was brief, given the paucity of information Sanchez offered, it was sufficient.

**¶13**        Sanchez further contends that, sufficiency of the inquiry aside, the court's denial of his motion for new counsel was an abuse of discretion.  Specifically, he alleges structural error because the court forced him to trial with an attorney who (1) failed to seek a bond reduction, (2) repeatedly asked for trial continuances to avoid scheduling conflicts, and (3) failed to communicate with Sanchez while he was incarcerated.

**¶14**        To compel a change of counsel, a defendant must show more than personality conflicts or disagreements about trial strategy.  *Cromwell*, 211 Ariz. at 187, ¶ 30.  Instead, a defendant must establish a "severe and pervasive conflict" with the appointed attorney or "such minimal contact with the attorney that meaningful communication was not possible."  *State v. Peralta*, 221 Ariz. 359, 361, ¶ 5 (App. 2009) (citation omitted).  In evaluating a motion to change counsel, the court should consider:

> [W]hether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the time period already elapsed between the alleged offense and trial; the proclivity of the defendant to change counsel; and quality of counsel.

*State v. Torres*, 208 Ariz. 340, 344, ¶ 15 (2004) (alteration in original and citation omitted).  The court is not, however, required to make express factual findings regarding these factors.  *Peralta*, 221 Ariz. at 361–62, ¶ 9.

---

[2]        To the extent Sanchez suggests a possible speedy trial violation, Sanchez was bound by his counsel's requests for continuances and acquiescence to the State's request to postpone trial.  *See State v. Zuck*, 134 Ariz. 509, 515 (1982) (noting that delays sought by defense counsel are binding on the defendant and waive his right to a speedy trial even if done without his consent).  And in any event, Sanchez has shown no cognizable prejudice from the delay.

¶15 Here, Sanchez failed to present a colorable claim of an irreconcilable conflict, a completely fractured relationship, or a complete breakdown of communication. When asked why he wanted new counsel appointed, Sanchez complained that in the three months since being appointed, defense counsel had not come to see him and had not given him any evidence. Sanchez did not, however, explain how that lapse in communication amounted to a severe and pervasive conflict or caused a complete breakdown in communication.

¶16 Further, Sanchez's newly appointed counsel attended three court appearances with Sanchez, allowing them to discuss the case and trial strategies. And when determining the appropriateness of continuing the trial over Sanchez's objections, the court discussed defense counsel's scheduling conflicts and concluded that Sanchez's current attorney was the best possible option given the potential for future conflicts with a new attorney. *See State v. Champagne*, 247 Ariz. 116, 129, ¶ 16 (2019) (affirming denial of a change in counsel based in part on the superior court's finding that "a change in counsel would likely result in the same purported conflict because new counsel might also be unable to visit and confer with [defendant] as often as he would like").

¶17 Sanchez also contends that the court should have appointed new counsel because his attorney failed to seek a modification of his bond amount. But when the court directly asked Sanchez what change of circumstances had occurred that would warrant a reduction, Sanchez did not provide any relevant new information. *See* Ariz. R. Crim. P. 7.4(c)(1) ("[A] court may reexamine bail eligibility or the conditions of release if . . . a motion alleges the existence of material facts not previously presented to the court."). Moreover, issues involving release conditions and bail are moot once a trial has been conducted and an appeal has been filed. *Costa v. Mackey,* 227 Ariz. 565, 569, ¶ 6 (App. 2011). We thus decline to address this issue further.

¶18 Accordingly, the superior court did not abuse its discretion by denying Sanchez's request to change appointed counsel.[3]

---

[3] To the extent Sanchez argues ineffective assistance of counsel, that claim may only be brought in post-conviction proceedings, not on direct appeal. *State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007).

**CONCLUSION**

¶**19**　　　For the foregoing reasons, we affirm Sanchez's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:　AA